UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID WESTON,

          Plaintiff,

v.

EMILIE AMUNDSUN, JOHN JANSEN, RON ROGERS, BROCK ROBERTS, PAMELA CONDOS, MICHELLE LANG, ALESHA BRERETON, EMILY GILBERT, ALICIA SHANNON, THE WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES, THE KENOSHA COUNTY DIVISION OF CHILDREN AND FAMILY SERVICES, and THE COUNTY AND THEREIN THE CITY OF KENOSHA,

          Defendants.

Case No. 24-CV-385-JPS

**ORDER**

On September 12, 2024, the Court ordered the parties to meet and confer and jointly file their Federal Rule of Civil Procedure 26 plan by October 3, 2024. ECF No. 27. The Court mailed that order to Plaintiff at his address of record. *Id.*, Docket Annotation. On October 3, 2024, Defendants jointly filed a Rule 26 plan, noting therein that "Plaintiff has not responded to counsel's attempts to reach him via email and mail, and thus Plaintiff did not participate in the drafting of this report." ECF No. 29 at 1 n.1.

The Court then ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's September 12, 2024 order and for failure to prosecute. ECF No. 30. Plaintiff's response

to the Court's show-cause order was due on or before October 21, 2024. *Id.* at 2. The Court mailed that order to Plaintiff at his address of record. *Id.*, Docket Annotation. The Court warned Plaintiff in its show-cause order that "[i]f Plaintiff does not file a response, or files a response that does not adequately show cause, the Court will dismiss this case without prejudice for failure to follow the orders of the Court and failure to prosecute." *Id.* at 2. Plaintiff has not subsequently filed anything in this case nor attempted to show cause as to why this action should not be dismissed.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). "Plaintiff's failure to participate in h[is] case is unacceptable." *Herndon v. SBHA*, No. 3:15 CV 169, 2017 WL 8786490, at *1 (N.D. Ind. Nov. 16, 2017) (dismissing case for failure to prosecute in part due to the plaintiff's failure to participate in the Rule 26 planning meeting). Because Plaintiff failed to comply with the Court's September 12, 2024 order to meet and confer with Defendants and again failed to comply with the Court's October 7, 2024 show-cause order, the Court will dismiss this action without prejudice.

Because this action is dismissed without prejudice, Plaintiff's motion for a preliminary injunction, ECF No. 11, will be denied as moot. Defendants Alesha Brereton, Pamela Condos, Emily Gilbert, John Jansen, Michelle Lang, Brock Roberts, Ron Rogers, Alicia Shannon, The County and Therein the City of Kenosha, and The Kenosha County Division of Children and Family Services' ("Moving Defendants") motion to file exhibit under

seal, ECF No. 31, is granted.[1] Documents should only be sealed or restricted for good cause. Gen. L.R. 79(d)(3) ("Any motion to restrict access . . . must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."). Moving Defendants move to seal[2] documents that contain "sensitive and protected information relating to T.W." ECF No. 31 at 2. No other parties have opposed the motion, and the Court finds that there is good cause for the court records attached as Exhibit A to the Declaration of Pamela Condos, ECF No. 33-1, to be sealed and accordingly will grant Moving Defendants' motion to seal as to only that exhibit.[3] ECF No. 31.

---

[1] Moving Defendants are, however, admonished for filing their motion to seal under seal, not just the exhibit they were requesting be sealed, in violation of this District's protocols for filing exhibits under seal or under restriction. ECF Nos. 31, 32, 33. *See* Gen. L.R. 79(d)(2) ("The separate motion to . . . seal must be publicly filed and must describe the general nature of the information withheld from the public record.").

[2] Although Moving Defendants entitled their motion as one to seal, they may have instead intended for the filings to be merely restricted. In this District, a "sealed document" is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the Court. In contrast, a document restricted to case participants allows all attorneys of record, but not the general public, to view the document. *See Filing Restricted and Sealed Documents*, United States District Court Eastern District of Wisconsin, *available* *at* https://www.wied.uscourts.gov/sites/wied/files/documents/Filing%20Restricted%20and%20Sealed%20Documents.pdf [https://perma.cc/9ZEG-KAUL]. Because Plaintiff is a party to the court proceedings described in the document at issue, the Court does not find good cause to seal the document entirely. However, because Plaintiff also presumably has access to the records for a case to which he is a party, and because Plaintiff did not oppose the motion to seal, ECF No. 30, the document will remained sealed at this juncture.

[3] As noted *supra* note 1, Moving Defendants sweepingly filed their motion to seal itself, ECF No. 31, as well as their brief in opposition to Plaintiff's motion for preliminary injunction, ECF No. 32, and the entire Condos Declaration including certificate of service, ECF Nos. 33, 33-2, under seal. Moving Defendants

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff David Weston's motion for a preliminary injunction, ECF No. 11, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Defendants Alesha Brereton, Pamela Condos, Emily Gilbert, John Jansen, Michelle Lang, Brock Roberts, Ron Rogers, Alicia Shannon, The County and Therein the City of Kenosha, and The Kenosha County Division of Children and Family Services' motion to file exhibit under seal, ECF No. 31, be and the same is hereby **GRANTED**; Exhibit A to the Declaration of Pamela Condos, ECF No. 33-1, be and the same shall hereby remain under seal unless and until the Court orders otherwise.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

have not argued, let alone demonstrated, that good cause exists for such documents to be sealed. *See* ECF No. 31 at 2 (Moving Defendants' motion to file "exhibit" under seal and arguing only why Exhibit A to the Declaration of Pamela Condos should be sealed). The Court accordingly has directed the Clerk of the Court to unseal these additional specified documents. Counsel is cautioned to take greater care to file documents under seal only where such protection has in fact been requested and for which good cause exists.